**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

February 2, 2022

LETTER TO COUNSEL:

      RE:    *Michael B. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
               Civil No. TJS-20-3348

Dear Counsel:

      On November 18, 2020, Plaintiff Michael B. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 10 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

      Michael B. filed his application for DIB on October 11, 2016. Tr. 83. He alleged a disability onset date of December 8, 2015. *Id.* His application was denied initially and upon reconsideration. *Id.* Michael B. requested an administrative hearing, and a hearing was held on March 14, 2019, before an Administrative Law Judge ("ALJ"). Tr. 15-34. In a written decision dated May 1, 2019, the ALJ found that Michael B. was not disabled under the Social Security Act. Tr. 80-92. The Appeals Council (the "AC") granted Michael B.'s request for review. Tr. 4. After reviewing the record, the AC adopted the ALJ's findings or conclusions whether Michael B. is disabled and agreed with the ALJ's findings under steps one through four. Tr. 4-5. The AC supplemented the ALJ's findings with a consideration of a determination by the Department of Veterans Affairs of Michael B.'s disability. Tr. 5. The AC's decision thus constitutes the final, reviewable decision of the agency.[2]

      The AC evaluated Michael B.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 404.1520. At step one, the AC found that Michael B. had not

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

[2] While the AC's decision is the final administrative decision in this case, this opinion refers to the ALJ's decision to the extent that it was adopted by the AC.

engaged in substantial gainful activity since December 8, 2015, the alleged onset date. Tr. 6. At step two, the AC found that Michael B. suffered from the following severe impairments: headaches; lumbar spine degenerative disc disease, degenerative joint disease, scoliosis, and facet arthropathy; right rotator cuff tendinosis, acromioclavicular joint degenerative changes, and impingement syndrome; parathyroid adenoma and hyperparathyroidism status post parathyroidectomy in October 2018; and a right ankle injury. *Id.* At step three, the AC found Michael B.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). *Id.* The AC determined that Michael B. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes and scaffolds. He also requires [the] ability to periodically alternate between sitting and standing at irregular intervals but with the understanding that the person would still be capable of remaining on task sufficiently to maintain satisfactory productivity levels. Finally, to accommodate his reported pain symptoms, he requires a work environment that does not require a fast pace or production quotas such as would customarily be found on an assembly line.

*Id.*

At step four, relying on testimony provided by a vocational expert ("VE"), the AC determined that Michael B. could perform past relevant work as a sales representative and as a bank customer service representative. Tr. 5-6. Accordingly, the AC found that Michael B. was not disabled under the Social Security Act. Tr. 7.

Michael B. argues that this case must be remanded for further proceedings because, although the AC adopted the ALJ's findings or conclusions regarding whether he is disabled, (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not perform a function-by-function assessment of his work-related abilities; (3) the ALJ did not adequately address his migraine headaches; and (4) the ALJ did not properly evaluate his subjective complaints. ECF No. 10-1 at 3-24. After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not build a logical bridge from the evidence to the ALJ's conclusion. Accordingly, I will remand this case for further explanation.

Michael B. contends that, although the ALJ found his migraine headaches to be a severe impairment, the ALJ failed to address adequately his headaches, including their frequency and duration, and failed to include any limitation related to his headaches in the RFC assessment. ECF No. 10-1 at 18-23. Michael B. testified that he would experience headaches between six to twelve times per month that would last between 45 minutes and three hours at a time, requiring him to be in a quiet, dark room until they passed. Tr. 29. The VE also testified that an individual who would be off task for 20% of the workday or absent two days per month from work would not be employable. Tr. 23-24. The ALJ found, however, that "the objective medical evidence fails to establish the frequency or severity of [Michael B.'s] headaches." Tr. 88. To accommodate Michael B.'s reported pain symptoms, the ALJ nonetheless found that he "requires a work environment

that does not require a fast pace or production quotas such as would customarily be found on an assembly line." Tr. 90.

The ALJ, however, failed to explain how this limitation sufficiently accounted for Michael B.'s severe impairment of migraine headaches. *See Christina H. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-2754, 2021 WL 100708, at *5-7 (D. Md. Jan. 11, 2021) (remanding because, *inter alia*, ALJ failed to build logical bridge between record evidence of claimant's migraines and RFC assessment); *Mary Lou B. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-813, 2020 WL 470641, at *5 (D. Md. Jan. 29, 2020) (remanding because, *inter alia*, ALJ failed to explain how limiting claimant's RFC to moderate noise in work environment compensated for claimant's severe impairment of migraines); *accord Yvette J. v. Saul*, No. 8:18-CV-1282-GLS, 2019 WL 3720294, at *4 (D. Md. Aug. 6, 2019) (remanding because ALJ did not provide specific references to record explaining how claimant's severe headaches translated to limitation of performing one- to four-step tasks and because ALJ failed to explain how claimant would miss less than two days of work with severe headaches and remain competitively employable). As Michael B. points out, every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). ALJs thus must both identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Here, remand is appropriate because the AC and ALJ failed to explain how a limitation excluding fast-paced work accounts for Michael B's severe headaches and how he "will miss less than two days of work with severe headaches and remain competitively employable." *Yvette J.*, 2019 WL 3720294, at *4; *accord Brenda T. v. Saul*, Civil No. TMD 19-3617, 2021 WL 1060362, at *5 (D. Md. Mar. 19, 2021). I decline to address Michael B.'s remaining arguments and express no opinion on the ultimate merits of his disability claim. *See Yvette J.*, 2019 WL 3720294, at *4.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 10 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge